**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSE CISNEROS DIAZ,** | **CIVIL ACTION** |
| **Petitioner,** | |
| **v.** | |
| **J.L. JAMISON, MICHAEL T. ROSE, TODD LYONS, KRISTI NOEM, PAMELA JO BONDI,** | **NO.  26-1818** |
| **Respondents.** | |

**HODGE, J.**                                                                    **March 30, 2026**

**MEMORANDUM**

Petitioner Jose Cisneros Diaz ("Petitioner" or "Mr. Cisneros Diaz") is another of the numerous individuals who, pursuant to the new decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2). BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Cisneros Diaz's petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar recent cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.    PROCEDURAL BACKGROUND[2]

Mr. Cisneros Diaz, a native of Mexico, entered the United States in or around 2005 without inspection and has been present in the United States since that time. (ECF No. 1 ¶¶ 1, 25.) Mr. Cisneros Diaz is married to a Lawful Permanent Resident and is the stepfather of three United States citizen children. (*Id.* ¶ 26.) On March 13, 2026, Petitioner pleaded guilty to disorderly conduct, in violation of 18 Pa. C.S. § 5503(a)(4), and simple trespass, in violation of 18 Pa. C.S. § 3503(b)(1), arising from his act of riding a bicycle on train tracks. (*Id.* ¶ 27.) This is Petitioner's sole contact with law enforcement. (*Id.*) Mr. Cisneros Diaz was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") while departing West Chester Criminal Court, following his guilty plea to the aforementioned summary offenses. (*Id.*) Following his arrest, Respondents did not provide Mr. Cisneros Diaz with an arrest warrant or a Notice to Appear ("NTA") but instead provided only his alien registration number. (*Id.* ¶ 28.) According to the Executive Office for Immigration Review ("EOIR") online portal, Mr. Cisneros Diaz was scheduled to appear before the Newark Immigration Court on March 26, 2026, for a Master Calendar Hearing. (*Id.*)

## II.    LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.    DISCUSSION

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Respondents assert that the Petition should be denied because Mr. Cisneros Diaz is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process.

### A.  Mr. Cisneros Diaz Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A) [3]

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by the BIA, which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their

---

[3] Petitioner did not assert a claim for violation of the INA, but extensively described why § 1225(b)(2)(A) does not apply to him and requested habeas relief on the grounds that he is being unlawfully held given the inapplicability of the provision. (*See* ECF No. 1 at ¶¶ 2, 29–42, 57–59.) The Court therefore addresses the INA arguments that Petitioner has asserted.

bond requests. *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (B.I.A. 2025). Respondents assert that the present case is governed by *Hurtado*. (ECF No. 4 at 4.)

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already present within the United States are "applicants for admission" within the language of Section 1225(b)(2)(A). (ECF No. 4 at 5–7.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court. Given that Section 1225(b)(2)(A) is inapplicable to Petitioner, the Court finds that Petitioner has been unlawfully detained in violation of the INA.

### B.  Mr. Cisneros Diaz's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is

lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Cisneros Diaz. In this instance, Mr. Cisneros Diaz has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger or flight risk after living in this country for more than twenty years with his spouse and step-children, with no criminal record prior to the summary offenses to which he recently pleaded guilty, poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to his detention on March 13, 2026. Because that hearing did not occur, Petitioner should not now be in custody.[4]

---

[4] In light of this Court's ruling that Petitioner's habeas petition is granted based on violation of the INA, 8 U.S.C. § 1226(a), and violation of the Fifth Amendment Right to Due Process (Counts II and III), this Court declines to address Mr. Cisneros Diaz's claim for relief pursuant to violation of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* (Count I).

**IV.    CONCLUSION**

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Cisneros Diaz's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for at least seven days following his release. An appropriate Order follows.

BY THE COURT:

**/s/ Kelley B. Hodge**

**HODGE, KELLEY B., J.**